**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

UMG RECORDINGS, INC., A Delaware
corporation; ARTISTA RECORDS LLC a
Delaware limited liability company; and BMG
MUSIC, a New York general partnership                                   PLAINTIFFS


v.                                            CIVIL ACTION NO. 4:07-cv-32-HTW-LRA


JASON ROBERSON                                                           DEFENDANT


**DEFAULT JUDGMENT**

Before the court is the motion of the plaintiffs for default judgment against the defendant Jason Roberson brought under Rule 55(b)(2)[1] of the Federal Rules of Civil Procedure.  The Clerk of the Court entered default in this case on April 30, 2007.

---

[1] Rule 55(b)(2) of the Federal Rules of Civil Procedure provides in relevant part that, "... the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein ... . If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States."

The plaintiffs' complaint asserts copyright infringement[2] against the defendant. To support this claim the plaintiffs must be able to show that they (1) own a valid copyright, and (2) that the defendant copied constituent elements of the plaintiffs' work that are original. *General Universal Systems, Inc. v. Lee*, 379 F.3d 131, 141 (5th Cir. 2004). "[P]laintiffs generally demonstrate copyright infringement indirectly or inferentially by proving that (1) defendant[ ] had access to the copyrighted works, and (2) there is a substantial similarity between infringed and infringing works." *Kepner-Tregoe, Inc. v. Leadership Software, Inc.*, 12 F.3d 527, 532 (5th Cir. 1994).

Under the Copyright Act, Title 17 U.S.C. § 101 et seq., the owner of a copyright has the exclusive right to both reproduce and distribute copies of the owner's copyrighted work.[3] The Act, "prohibits infringement by anyone who violates '[a]ny of

---

[2]Title 17 U.S.C. § 501(a) provides that, "[a]nyone who violates any of the exclusive rights of the copyright owner as provided by sections 106 through 122 or of the author as provided in section 106A(a), or who imports copies or phonorecords into the United States in violation of section 602, is an infringer of the copyright or right of the author, as the case may be. For purposes of this chapter (other than section 506), any reference to copyright shall be deemed to include the rights conferred by section 106A(a). As used in this subsection, the term "anyone" includes any State, any instrumentality of a State, and any officer or employee of a State or instrumentality of a State acting in his or her official capacity. Any State, and any such instrumentality, officer, or employee, shall be subject to the provisions of this title in the same manner and to the same extent as any nongovernmental entity."

[3]Title 17 U.S.C. § 106 allows the copyright holder the exclusive right to, "(1) to reproduce the copyrighted work in copies or phonorecords;  (2) to prepare derivative works based upon the copyrighted work;  (3) to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending;  (4) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and motion pictures and other audiovisual works, to perform the copyrighted work publicly;  (5) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and pictorial, graphic, or sculptural works, including the individual images of a motion picture or other audiovisual work, to display the copyrighted work publicly;  and (6) in the case of sound recordings, to perform the copyrighted work publicly by means of a digital audio transmission."

the exclusive rights of the copyright owner.'" *Prostar v. Massachi*, 239 F.3d 669, 677 (5th Cir . 2001).

In the instant case, the plaintiffs charge that the defendant has used an online media distribution system to make copyrighted recordings available to others without permission or consent.  The defendant has provided no response to this charge, or any of the other allegations contained in the plaintiffs' complaint.  The defendant's default concedes the truth of the allegations of the complaint as to the defendant's liability. *Jackson v. FIE Corporation*, 302 F.3d 515, 521, 524-25 (5th Cir. 2002). Damages ordinarily will not be awarded without a hearing or a demonstration by detailed affidavits establishing the facts supporting the damages claim. *United Artists Corporation v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979).  However, where the amount of damages and/or costs can be determined with certainty by reference to the pleadings and supporting documents and/or where a hearing would not be beneficial, this court may determine damages without a hearing. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993).

Plaintiffs in the instant case seek minimum statutory damages for seven copyright infringements in the amount of $750.00 each, or a total of $5,250.00.[4]  The

---

[4]Statutory damages are governed in part by Title 17 U.S.C. § 504(c)(1) which provides that, "(e)xcept as provided by clause (2) of this subsection, the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just.  For the purposes of this subsection, all the parts of a compilation or derivative work constitute one work."

plaintiffs also seek the costs of this lawsuit in the total amount of $420.00.   Inasmuch as the defendant was served with process on March 15, 2007, and has made no attempt to respond to the plaintiffs' complaint, and inasmuch as the Clerk of the Court has entered the defendant's default, this court finds the plaintiffs' motion for default judgment [**Docket No. 7**] to be well taken and the same is granted.

**SO ORDERED AND ADJUDGED**, this the 17th day of December, 2007.

s/ **HENRY T. WINGATE**
 **CHIEF UNITED STATES DISTRICT JUDGE**

CIVIL ACTION NO. 4:07-cv-32-HTW-LRA
Default Judgment